UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by _____

NOV 1 1999

QUANTACHROME CORPORATION,

    Plaintiff,

v.                              CASE NO. 96-8224-CIV-GONZALEZ

MICROMERITICS INSTRUMENT
CORPORATION,

    Defendant.

ORDER

**THIS CAUSE** has come before the Court upon the following

motions:

    1.    Plaintiff Quantachrome Corporation's Motion to Compel

and for Sanctions, filed September 16, 1999;

    2.    Plaintiff Quantachrome's Motion for Continuance and/or

Enlargement of Time, filed September 30, 1999;

    3.    Plaintiff Quantachrome's Motion for Enlargement of

Time, filed October 21, 1999.

    In its Motion to Compel, Quantachrome seeks an order

compelling Micromeritics to comply with discovery obligations and

sanctioning Micromeritics for the conduct of its counsel during a

series of depositions recently taken.

    First[1], Quantachrome alleges that the corporate

_____

    [1]    The Court notes that Quantachrome begins its Memorandum
of Law by needlessly and wastefully rehashing details that go to



representatives Micromeritics produced for deposition were not the individuals with the most knowledge on the subjects noticed for deposition.  Specifically, Quantachrome argues that Micromeritics produced no corporate representative with relevant knowledge as to subject matters ten and eleven as identified in Attachment "A" to the Notice of Deposition.

Quantachrome cites to several places in the testimony where one witness states that another is more knowledgeable on a subject matter and then the other points back to the first.

Micromeritics counters that it has no obligation to designate which witness will testify as to which subject matters[2].  Micromeritics states that it did produce Mr. Camp and Mr. Hendrix to testify to "all subject matters listed in Quantachrome's Notice of Deposition."  Micromeritics Response, at

_____

the substance of the case but have nothing to do with the discovery dispute.  It is not until page seven of the Memorandum that Quantachrome begins to discuss the basis for the Motion. This, in turn, engenders a response from Micromeritics which takes almost a full page and a chart.  Throughout this litigation, the parties have displayed an annoying tendency to argue the complete case in every motion.  Not only does this practice waste paper, but it also wastes the time of the Court in reading over the extraneous information.

[2]     Micromeritics first argues that any further discovery by Quantachrome is unnecessary since Micromeritics has filed a dispositive summary judgment motion.  Because discovery that Quantachrome seeks is intended to go to the issues at stake in Micromeritics' Motion, Micromeritics' argument is absurd and need not be further addressed by the Court.

2 (emphasis in original).

Micromeritics' argument that it provided corporate representatives to testify to all the listed subject matters is belied by the testimony.  Mr. Camp said that Mr. Hendrix is more knowledgeable on areas ten and eleven, and Mr. Hendrix said that Mr. Camp is.  Whoever it is, Micromeritics must produce him for deposition.

As this Court has previously stated,

> Rule 30(b)(6) obligates the responding corporation to provide a witness who can answer questions regarding the subject matter listed in the notice. . . . If the designated deponent cannot answer those questions, then the corporation has failed to comply with its Rule 30(b)(6) obligations and may be subject to sanctions.

King v. Pratt & Whitney, 161 F.R.D. 475, 476 (S.D.Fla. 1995).

Additionally, when producing a corporate representative for deposition, Micromeritics' duty extends beyond the mere act of presenting a human body to speak on the corporation's behalf. Micromeritics has the additional duty to prepare the deponent. Micromeritics must designate persons who have knowledge of the matters sought by Quantachrome and must also prepare those persons so that they are able to give complete and knowledgeable answers.  See 8A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 2103, n.2 (1994).

Here, the subject matters upon which Quantachrome inquired

3

were listed in the Notice of Deposition as matters ten and eleven.  Micromeritics had ample time to find and prepare corporate representatives to testify as to those matters. Therefore, the Court finds that Micromeritics is required to produce and prepare one or more persons as corporate representative who have knowledge as to subject matter ten and eleven as listed in Quantachrome's Notice of Deposition.

Next, Quantachrome asserts that counsel for Micromeritics improperly and repeatedly instructed deponents not to answer questions based on relevancy or form objections.  Further, Quantachrome claims that Micromeritics' counsel repeatedly interrupted depositions by making speaking objections and inappropriate comments.

Micromeritics responds that it refused to answer questions that were not reasonably calculated to lead to the discovery of admissible evidence concerning laches and estoppel. Micromeritics further states that such refusals were based on a limitation of evidence directed by this Court by virtue of the previous orders outlining the remaining issues.

Rule 30 is rather clear on what types of objections counsel may make and when counsel may instruct a deponent not to answer a question.  Rule 30 states in relevant part,

Any objection to evidence during a deposition shall be

> stated concisely and in a non-argumentative and non-
> suggestive manner.  A party may instruct a deponent not to
> answer only when necessary to preserve a privilege, to
> enforce a limitation on evidence directed by the court, or
> to present a motion under paragraph (3).

Fed.R.Civ.P. 30(d)(1).

Thus, it is improper to instruct a witness not to answer a
question based on form and relevancy objections.  It is arguable
whether objections based on relevancy should even be made during
the deposition.  See Fed.R.Civ.P. 32(d)(2)(A) (objections based
on relevancy are not waived if not made during deposition).  In
any case, if counsel feels that he must make a relevancy
objection, the objection should briefly be made for the record,
and the deposition should continue with the testimony being taken
subject to the objection.  See Fed.R.Civ.P. 30(c).  Then, if
necessary, the Court will determine any relevancy issues.

Micromeritics improperly asserts that its refusals to answer
questions were based on orders of this Court.  While the Court
has indeed limited the scope of relevant issues by virtue of its
previous summary judgment orders, the only true limitation on
evidence directed by the Court was contained in the November 2,
1998 Bifurcation Order.

Questions as to damages and willful infringement are within
the limitations imposed by the previous bifurcation Order.  Thus,
Micromeritics has a reasonable and proper objection to such

5

questions and may instruct a deponent not to answer questions
thereon.  However, objections as to other evidentiary matters are
not within that Order, and Micromeritics may not instruct
deponents not to answer such questions.

    As previously mentioned, Micromeritics was noticed in
advance of the deposition of the subject matters to be covered.
Micromeritics knew ahead of time that there would be questions
relating to the '730 Patent.  If Micromeritics believed that
questions on the proposed subject matters were so beyond the
scope of relevant information as to warrant a refusal to answer
questions, Micromeritics had ample opportunity to seek a
protective order.  Micromeritics did not do so.  Moreover, if
Micromeritics' refusal to answer a question was based on a belief
that the question was so far beyond the realm of possible
relevance as to be abusive, Micromeritics was then required to
move for a protective order under Rule 30(d)(3).  See
Fed.R.Civ.P. 30(d)(1).

    Additionally, numerous times during the course of the
depositions, counsel for Micromeritics made speaking objections
which amounted to providing the witness with counsel's preferred
answer to the question.  Testimony taken during a deposition is
to be completely that of the deponent, not a version of the
testimony which has been edited or glossed by the deponent's

                                6

lawyer.  See Hall v. Clifton Precision, 150 F.R.D. 525 (E.D.Penn. 1993).  Accordingly, the witness must be allowed to provide an answer to the best of his ability, free from any influence by his counsel[3].

If the witness is confused about a question, or if a question seems awkward or vague to the witness, the witness may ask the deposing counsel to clarify the question.  The witnesses in this case are scientists and engineers who work with and create complex technology.  Surely they are intelligent enough to know when they do not understand a question.

The 1993 amendments to Rule 30 were intended to combat just the sort of conduct that is complained of here.  In discussing the motivation for the amendments, the advisory committee explicitly stated, "Depositions frequently have been unduly prolonged, if not unfairly frustrated, by lengthy objection and colloquy, often suggesting how the deponent should respond." Fed.R.Civ.P. 30(d) advisory committee note.  Therefore, objections during a deposition preferably should be limited to

---

[3]     Counsel for Micromeritics asserts that on one occasion a witness was mistaken in stating that he had seen a document before and that therefore counsel had to interject to correct the witness.  The Court cannot fathom a better example of coaching than counsel's telling a witness, "No, you are incorrect.  The correct answer is . . . ."

those under Rule 32(d)(3)[4].  Other objections should be kept to a
minimum during a deposition.  Id.

Regarding an instruction not to answer, the advisory
committee stated, "Directions to a deponent not to answer a
question can be even more disruptive than objections."  Id.
Thus, counsel should instruct a witness not to answer only to
preserve a privilege or move for a protective order in the
absence of an existing order limiting the scope of the
deposition.  See Wright & Miller, at § 2113.

Repeatedly during the depositions, counsel for Micromeritics
complained of the duration of the depositions.  Nonetheless, his
speaking objections and instructions not to answer questions
merely extended the depositions even further.

Micromeritics protests that counsel for Quantachrome insists
on playing a game of "gotcha" during depositions.  Nowhere do the
Federal Rules of Civil Procedure prohibit the playing of
"gotcha."  However, if counsel for Micromeritics truly feels that
a deposition is being conducted in "bad faith or in such manner
as to unreasonably annoy, embarrass, or oppress" the deponent,
counsel may instruct the witness not to answer or may halt the

---

[4]      If counsel makes an objection based on form, it may be
necessary to provide a brief explanation or clarification of the
objection.  Such explanation or clarification should be provided
only at the request of deposing counsel and should be succinctly
and directly stated without suggesting an answer to the deponent.

deposition.  Fed.R.Civ.P. 30(d)(3).  Counsel may do so, though, only if he intends to move for a protective order under Rule 30(d)(3).  Fed.R.Civ.P. 30(d)(1).

Counsel are reminded that Rule 30(c) of the Federal Rules of Civil Procedure instructs that the examination and cross-examination of deponents should generally proceed as it would at trial.  Counsel for both sides, therefore, should refrain from conduct that crosses the line between proper representation of their clients and improper interference in depositions.

The Court finds that counsel for Micromeritics improperly instructed witnesses not to answer questions and improperly made speaking objections during the course of these depositions.

Therefore, upon reexamination of Micromeritics' corporate representative(s), counsel shall follow the following guidelines: (1) counsel shall limit their objections and instructions to those permissible under Rule 30 as outlined in this Order; (2) counsel shall not make any objection or statement in the presence of the deponent that might suggest the answer to a pending question; and (3) prior to the commencement of questioning, counsel for Micromeritics shall instruct the deponent that the deponent should ask deposing counsel, not his own counsel, for clarification of any question.

Because Micromeritics caused the need for further depositions, the Court finds that Micromeritics should bear the costs of bringing this Motion to Compel and of retaking the deposition(s)[5]. The Court finds that the deposition(s) should take place in Atlanta as that is the principal place of business of Micromeritics. See <u>Salter v. Upjohn</u>, 593 F.2d 649, 651 (5th Cir. 1979).

In closing, the primary purpose of the Rules of Civil Procedure is to "secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. The constant sniping and bickering between the instant parties have operated to draw out this action and increase the expense at every turn, effectively defeating the very purpose for which we have the Rules and a liberal discovery process.

The Court has previously noted that there is no love loss between these parties. That said, the Court refuses to believe that it must actually issue an order for the parties to play nice. The Court understands that the parties are competitors in their field. Nonetheless, if counsel for both parties will attempt to inject a little more civility into this civil action, perhaps the litigation will flow more smoothly and expeditiously

---

[5]   The Court finds that the deposition costs that Micromeritics shall bear should not include transportation for counsel for and representatives of Quantachrome.

toward resolution.

Accordingly, having reviewed the Motions and the record, and being otherwise duly advised, it is hereby

**ORDERED** and **ADJUDGED** as follows:

1.    Plaintiff Quantachrome Corporation's Motion to Compel and for Sanctions, filed September 16, 1999, is **GRANTED**.  Within twenty (20) days of the date of this Order, Micromeritics' corporate representative(s) shall appear for deposition on the subject matters for which it previously failed to appear.  The deposition shall take place at the offices of Micromeritics' counsel or some other location agreeable to both parties. Micromeritics shall bear the reasonable costs of the deposition not including transportation for Quantachrome.  Micromeritics shall also bear the reasonable costs associated with bringing the instant Motion to Compel.  The Court shall award such reasonable costs upon motion of Quantachrome.

2.    Plaintiff Quantachrome's Motion for Continuance and/or Enlargement of Time, filed September 30, 1999, is **GRANTED**. Quantachrome shall have until ten (10) days after the completion of the aforementioned depositions to file its response to Micromeritics' Motion for Summary Judgment.

3.    Plaintiff Quantachrome's Motion for Enlargement of Time, filed October 21, 1999, is **GRANTED IN PART** and **DENIED IN**

**PART**.  The Motion for Enlargement of Time as to its reply to the Motion for Continuance, etc. is **DENIED AS MOOT**.  The Motion is **GRANTED** as to its Motion to De-Designate.  Quantachrome shall have up to and including November 1, 1999, to file its reply memorandum.

4.   At the December 2, 1999, Status/Scheduling Conference, counsel for Quantachrome and counsel for Micromeritics are **ORDERED** to commence the conference by smiling and bidding each other "Good Morning" in open court.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida, this 30ᵀᴴ day of October 1999.

JOSE A. GONZALEZ, JR.
UNITED STATES DISTRICT JUDGE

cc:  Counsel